Brett L. Tolman
United States Attorney
Karin Fojtik
Assistant United States Attorney
United States Attorney's Office-Utah
185 South Lake Street, Suite 300
Salt Lake City, Utah 84111-1506
Telephone: (801) 524-5682
Facsimile (801) 524-4475

Brent D. Ward
Director, Obscenity Prosecution Task Force
BONNIE HANNAN
Trial Attorney
United States Department of Justice
1301 New York Avenue, NW, Suite 500
Washington, D.C. 20530
Telephone (202) 616-3344
Facsimile (202) 307-2217

___

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

___

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:07-CR-00426-TS |
| Plaintiff, | : | |
| v. | : | GOVERNMENT'S RESPONSE TO PRESENTENCE REPORT |
| Sami R. Harb and | : | Judge Ted Stewart |
| Michael Harb, | : | |
| dba Movies By Mail, | : | |
| Defendants. | | |

___

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney files this response to the presentence report.

***Paragraph 18***

In both of the defendants' presentence reports, the Probation Office applied a four-point enhancement because the material involved in this prosecution depicted sadistic and masochistic conduct. The government contends – and the defendants do not dispute – this enhancement was properly applied.

However, the defendants have agreed to forego the filing of any legal objections to the application this four-point enhancement, in part, in exchange for the government's position that application of the sentencing factors in 18 U.S.C. § 3553 warrant a sentence between 15-21 months.

The Harbs' will also agree to forego the filing of any appeal on the substantive issues raised in this Court's decisions in Docket # 90, 91, and 92.

*18 U.S.C. § 3553 Factors*

The government maintains the presentence report as written accurately reflects the suggested guideline range in this matter. However, the facts in this case warrant additional considerations by this Court, particularly when comparing the facts of this case to cases in other districts that were more egregious.

18 U.S.C. § 3553 provides in relevant part, that when imposing sentences the Court should consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the offense;
> (2) the need for the sentences imposed –
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. . .

As to the characteristics of this offense, the nature of the materials charged in this matter depict a cruel, depraved and indifferent view of human sexuality. As the complaint, and the presentence report in this matter graphically describe, this videos depict the worst extremes of human behavior. This case, and others throughout the United States, represent community response to the increasing degradation depicted in adult pornography. The adult pornography charged in this case went so far beyond any sense of community values, it warranted criminal prosecution. While the defense has made much of this matter being brought in Utah, these images represent conduct that is beyond human dignity in any community in this country.

Of the approximately 30,000 adult pornography titles distributed by Movies by Mail, less than 200 were titles produced by Max Hardcore, and Extreme Associates.[1] At the time of the execution of the warrant in this case, Movies by Mail had less than 20 titles from these two producers in their inventory. Movies by Mail shipped over 600 titles to Utah in the years prior to this case. None of the titles shipped, except for the titles subject to this case, included

---

[1] Max Hardcore and Extreme Associates both have been criminally charged in other districts. MaxHardcore produced numerous videos and received a sentence in the District of Florida of 46 months in custody, 36 months supervised release, and a fine of $7500 for Delivery of Obscene matters and Using a Facility and Interactive Computer Service to Sell and Distribute Obscene Matters. Extreme Associates, also a producer of the videos in this case, was convicted of Delivery of Obscene Matters and Using a Facility and an Interactive Computer Service to Sell and distribute Obscene Matters. The two individuals involved in the production of the Extreme Associates videos were sentenced to serve one year and one day in custody and 36 months supervised release. No fine was imposed in that matter.

videos produced by Max Hardcore and Extreme Associates. While this may represent an attempt by the defendants to disentangle their business efforts from the worst of the pornography industry, the government contends Movies by Mail still chose to send these offensive titles to Utah when they had the opportunity to make money off of this depravity. However, the government acknowledges that these two particular series of titles, in total, constituted less than 1 percent of the MBM inventory.

The sentencing guidelines also mandate this Court review the characteristics of the defendants. Michael Harb has spent the last 18-months dealing with his 4 year old daughter's diagnosis of cancer. The government sincerely hopes her recovery continues. Sami Harb has recently learned that his wife may suffer from a serious heart condition. As noted in the presentence reports, MBM has failed as a company and both Sami and Michael Harb anticipate filing for bankruptcy protection. (Paragraph 37). Both men are currently unemployed and face significant debts.

The sentencing guidelines indicate this Court must consider the need to avoid unwarranted sentencing disparity among defendants with similar records who have been found guilty of similar conduct. The two most notable recent sentences in obscenity cases involve Max Hard Core and Extreme Associates. Max Hardcore, the eponymous producer and "star" of the Max Hardcore series of titles, received a sentence of 46 months. Extreme Associates, Rob Zacari, also a "star" under his character "Black" received a sentence of 12 months and one day.

In sum, considering the nature of the offense, the characteristics of the defendants including the financial status of the company Movies by Mail, the need to avoid an unwarranted sentencing disparity, the defendants willingness to forego filing an appeal on the substantive issues raised in this Court's rulings in Docket # 90, 91, and 92, and in consideration of the defendants willingness to forego filing legal objections to the addition of the four-point enhancement for sadistic and masochistic content, the government believes it is appropriate to sentence within the 15-21 month range.

Respectfully submitted this 9th day of November 2009.

*Karin M. Fojtik*

Karin M. Fojtik
Assistant United States Attorney