JEROME H. MOONEY # 2303
**WESTON, GARROU, WALTERS & MOONEY**
50 West Broadway, Suite 1000
Salt Lake City, Utah 84101-2006
Telephone: (801) 364-5635
<u>Attorneys for Defendant Michael Harb</u>

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

_____

| | | |
|---|---|---|
| | : | <u>SENTENCING MEMORANDUM</u> |
| United States of America | : | |
| | : | |
| Plaintiff | : | |
| v. | : | |
| Sami R. Harb and | : | Honorable Ted Stewart |
| Michael Harb, | : | |
| dba Movies By Mail, | : | Case No.  2:07-CR-00426 |
| Defendants. | : | |

Comes now Defendant Michael Harb by and through his attorney

Jerome H. Mooney, and submits the following memorandum with respect

to sentencing:

1

## INTRODUCTION

Sentencing in federal criminal matters are conducted pursuant to 18 U.S.C. 3553(a); "Factors to be considered in imposing a sentence." This section includes seven factors, each listed equally.    Two of these factors – (4) and (5) – are devoted to the Federal Sentencing Guidelines. The remaining five expand into factors that allow more focus on the individuality of the Defendant, and the unique circumstances of the facts of the offense committed.  It is the unique role and responsibility of the Judge to weigh mercy, punishment, and societal needs and to pass a judgment that, to the maximum extent possible, meets all of these individual needs.

In this case the guideline sentence is 15-21 months.  There are, however, strong factors that mitigate in favor of a sentence below the guideline minimum of 15 months.  Defendant respectfully requests this Court consider a sentence of a period of home confinement.  Such a sentence constitutes a minor variance from the guideline sentence and is consistent with sentencing considerations as outlined below.

In a recent article Charles "Joe" Hynes, the District Attorney for King County, NYC, commented on recent statements of the Attorney General which seems to evoke paragraph 2 of 18 U.S.C. 3553(a):

"For far too long our Country's strategy to increase public safety has been grounded in a prison based solution.  I think most of us in the criminal justice system both the Federal and local level can agree that in at least four categories of criminal conduct; those guilty of sociopathic violent crime; those whose financial schemes destroy lives; those drug profiteers who flood communities with their packaged poison; and those seemingly incorrigible offenders we must aggressively prosecute and punish through incarceration."

Volume 18, Issue 1, ABA Criminal justice Section Newsletter, Fall, 2009.

Mr. Harb falls into none of the four categories set forth by Mr. Hynes.  He is neither an individual from whom society needs protection nor is he and individual who's defalcations had devastating impact on the lives of others.  When he is examined in terms of the seven sentencing factors set forth in 18 U.S.C. §3553(a) a sentence of home confinement would be justified.

The seven sentencing factors and their relationship to this matter are as follows:

## SENTENCING FACTORS

(1)   <u>The nature and circumstances of the offense and the history
and characteristics of the defendant.</u>

Before the Court is a 35 year old man with no prior record.  He is a
family man and contentious father of a very sick child.

The instant offense arises out of the operation of a mail order
business.  Michael went to work with his cousin in the mail order business
known as Movies By Mail.  Mr. Harb and his brother were not the
producers of any of the materials they sold.  The business model was to
stock overwhelming titles so as to attract a large customer base.  The
circumstances and operation of the business is more fully described in the
Sentencing Memorandum submitted by Mr. Sami Harb.  As noted in the
tax return provided the business was not successful, lost substantial sums
of money and has closed.

(2)   <u>The Need for the sentence imposed</u>

Under this section, 18 U.S.C. 3553(a) (2) sanctions that: "The court
shall impose a sentence sufficient, **but not greater than necessary**, to
comply with the purposes set forth in [this sub-section]". *Id.*

4

As stated above, Mr. Harb has no history of criminal activity.  There is, therefore, nothing in his record that suggests that society is in need of protection from him.

He was not the producer of the material in question or any other adult material.  The business in which he worked is now closed and he has no intention of working in any related fields in the future.

He has a sick daughter who requires substantial care.  While his wife has continued to work he has taken over the primary role of home care giver.  His absence from the family will pose a serious hardship on his family.  A sentence of home confinement would meet the needs of sentencing while making him available to continue his role as care giver. It would impose an element of punishment in that although still at home with his family there is a daily reminder throughout the entire period of home confinement that it is a sanction imposed for wrongful conduct.

The conviction itself is sufficient deterrence.  Of the 30,000 titles carried by the Defendants only a small percentage of stock because the subject of this matter.  This sends a message to retail sellers that they must exert increased care with respect to the materials they stock. They are accountable for all of their stock and cannot rely upon the fact that even the great majority is within the requirements of the law. Substantial incarceration is not necessary to promote deterrence in this case.

(3)    <u>The Kind of sentences available</u>.

The Court is not presently constrained except by a maximum of 5 years.  Mr. Harb is eligible for probation under 18 U.S.C. 3561.

(4)    <u>The sentence suggested by the Federal Sentencing</u>
        <u>Guidelines</u>.

The Pre-Sentence Report as written calculates Mr. Harb at a criminal history category I and a sentencing level of 18.  There is a stipulated variance of 4 levels to a level 14.  This would call for a sentencing range of 15-21 months.

A sentence of a period of home confinement would not be a dramatic variance from the guideline sentence.

(5)    <u>Any pertinent policy statement.</u>

This is the second of the factors that look to the Federal Sentencing Guidelines.  There are no policy statements that impact this sentence.

(6)    <u>The need to avoid unwarranted sentence disparities.</u>

It is significant again to note that the Harbs were not the producers of these materials. Mr. Little (Max Hardcore) was prosecuted and the sentence to 46 months in Florida.   In Pittsburg the two individual defendants associated with Extreme Associates (the other producer of

materials relating to this matter) received a sentence of a year and a day.

In comparison, Karen Fletcher (2:06-cr-00329-JFC) who recently (2008) plead guilty to six counts of distribution of obscenity, also in Pittsburgh, PA, received a sentence of 5 years probation.

Mr. Harb who sold product from a very large inventory that contained material created by Max Hardcore and Extreme Associates should receive a lesser sentence than the producers.  Mr. Little's sentence is thus not persuasive in the determination of the sentence in this matter. On the contrary, the year and a day sentences imposed on the producers of the Extreme Video material call speaks to a lower sentence.  Mr. Harb is more akin to Karen Fletcher who received a probationary sentence with home confinement.

(7)    <u>The need to provide restitution</u>.

Restitution is not a significant consideration in this matter.

## CONCLUSION

For all of these reasons, Mr. Harb requests this Court consider the imposition of a sentence of home confinement.

DATED this_____ day of November, 2009

WESTON, GARROU, WALTERS & MOONEY:


_____/s/ Jerome H. Mooney_____
JEROME H. MOONEY
Attorneys for Defendant